Caeuthees, J.,
delivered the opinion of the court.
After judgment, final by default against Stuart, and at the next term of the court, upon motion, the same was set aside and a nolle prosequi entered as to him. Two days after this proceeding, the cause came on to be tried, against John Tancey, the other defendant charged as a partner. After the-jury was empannelled, the defendant Yancey moved to dismiss the suit upon the ground, that it was brought in Greene county, and the original writ served there upon Stuart, who was a resident of that county, and a counterpart served upon him in Washington county, where he resided. He insists that the court had no jurisdiction of the case after it was dismissed as to Stuart.
In transitory actions, it is the service of the writ or summons „in the county where the suit is instituted, which gives the court jurisdiction of the person. It often happened that persons jointly liable, lived in different counties, and consequently they could only be m'ade responsible, by distinct and several suits in their *40 respective counties. To remedy this inconvenience, the act of 1820, ch. 25, was passed, by which counterparts of the original process could be issued, so as to bring all that were jointly liable to one jurisdiction. But the proviso restrains the Act to cases where the suit is brought in a county, where one of the defendants “ does in fact reside.” Car. & Nich., 416, § 3. It will not do to hold that under this Act, the mere fact that the original summons is served upon some resident of the county, where the suit is brought, who is made defendant and discharged before the trial, will give jurisdiction to the court, against a resident of another county, who is brought in by a counterpart. If this were so, there would be no difficulty in any case in drawing a man out of the jurisdiction, where he has a right to be tried, no matter to what inconvenience and hardship it might subject him and his witnesses. It was the intention of the legislature to save the expense and trouble of a multiplicity of suits on the same cause of action, by bringing all the parties into the county, where one of the matérial defendants might reside.
But this is matter in abatement, and cannot be taken advantage of by motion to dismiss, as was done in this case. The same statute prescribes the mode of defence to a suit improperly brought in this respect, thus, “but the same may be abated upon the plea of the defendant.” There is perhaps no other mode by which the objection can be made available. It is true that in general after a plea i/n ba/r to the action, the defendant cannot plead in abatement/ but it is otherwise when the matter in abatement arises after the plea in bar. 1 Chitty on Pl., 441. In this case the. suit was against *41 Stuart & Yancey as partners, and there was no ground of objection until the nolle prosequi as to Stuart, only two days before the trial. It was not until that was done, that a ground for abating the suit existed, and be would then have been entitled to the benefit of it by plea, but not by motion.
Secondly. The defendant insists that be is entitled to a new trial for errors in the admission of evidence. The defence of Yancey was placed mainly upon the ground that he was not a partner of Stuart, to whom the goods were sold, under the name and style of ¥m. Gr. Stuart & Co. David Brown was introduced by the plaintiffs as a witness to prove that Yancey was a member of the firm. After stating the acknowledgments of Yancey that he and Stuart were the owners of the store, he was asked to state what he may have heard Stuart say on the same subject; to which objection was made and overruled, and the witness permitted to prove the “ declarations of Stuart as to Yancey’s being his partner in business.” This was erroneous. He was not a competent witness for that purpose. Vanzandt vs. Kay, et als., 2 Hump., 112. Much less would his declarations, not on oath, be evidence. 1 Greenl. Evi., 229. He is directly interested in the question. By establishing the partnership in favor of the plaintiffs, he onerates the defendant with the debt, and exonerates himself, to that extent, as he would be only liable over to the defendant, as between themselves for one half. It is true, a partner may be examined to prove the justice of the debt, if the partnership be admitted or established by other evidence, but he cannot be heard on a question of the existence of a partnership.
*42 Upon tbis ground tbe judgment is reversed and a new trial granted.